[762 NYS2d 191]

In the Matter of James P. Burd, an Attorney, Respondent.
Grievance Committee of the Seventh Judicial District,
Petitioner.

Fourth Department, May 2, 2003

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District
Grievance Committee*, Rochester, for petitioner.

*Norman M. Spindelman*, Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982, and maintains offices for the practice of law in Andover and Canisteo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from the maintenance and use of his trust accounts. Respondent filed an answer admitting certain material allegations of fact and outstanding issues of fact were resolved by amendments to the pleadings and by stipulation.

Respondent deposited into his trust account checks received from a client and thereafter issued trust account checks on behalf of the client. The client's checks that respondent accepted for deposit were dishonored for insufficient funds and, consequently, the checks issued by respondent on behalf of the client were drawn against the funds of another client. Additionally, respondent commingled clients' funds with personal funds.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain clients' funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to promptly pay or deliver as requested to a client or third person funds in his possession that the client or third person is entitled to receive; and

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts showing the source and amount of funds deposited in the account and the names of persons to whom such funds were disbursed.

We have considered, in mitigation, that when respondent issued trust account checks on behalf of a client for whom he had insufficient funds on deposit, he was attempting to assist the client, who was experiencing severe financial difficulties, and he did so after the client assured him that the checks deposited into respondent's trust account were drawn against sufficient funds. Additionally, we note that respondent did not permanently deprive any client of funds, has corrected his accounting procedures and has a previously unblemished record. Accordingly, we conclude that respondent should be censured.

PINE, J.P., HURLBUTT, KEHOE, BURNS and HAYES, JJ., concur.
Order of censure entered.